Charles A. Silliman, Respondent, v. The Albany and Troy Steamboat Company (Limited), Appellant. — PRATT, J.: There was enough evidence of employment to take the case to the jury. There is no substantial contradiction that at the first interview between Dodd and Mark the plaintiff stated that he was acting as broker, and should claim a commission if a sale was made. Nor does it appear that any denial was then made of defendant's obligation to pay commissions in that event. The president of defendant says he answered: "No, sir; I have nothing to do with the handling of the steamboat," but he also testifies that the negotiation at once engaged between one of defendant's officers and the agent of the purchaser. The fact that defendants paid a commission of $1,000 on the sale to the one of their agents who came into the discussion at this stage cannot affect the plaintiff's right. It is urged that the final sale was the outcome of a negotiation begun the year previous. At that time defendants offered the vessel for $30,000, and the offer was refused. It is plain defendants considered that negotiation abandoned, for they chartered the vessel to another corpora-

69h(e) 615
61ad485

tion for the season. So the fact that the sale was for $7,000 more indicates that a new negotiation was undertaken. A vendor whose offer is refused as too high, does not ordinarily as a part of the same negotiation raise his price. It is said the proof does not show that Dodd reported his action to the purchaser. The law presumes without proof that an agent reports to his employer. (Story Agency, §§ 160, 208.) So strong is that presumption that knowledge of the agent is notice to the principal. The judgment must be affirmed, with costs. DYKMAN, J.: This is an action for the recovery of commissions for the sale of the steam ferry boat *F. P. James*. The claim was contested upon two grounds : *First*, that the plaintiff was not employed to make the sale, and, *second*, that the sale was not made by him. There was no direct proof of employment, but there was testimony and there were circumstances from which an employment might fairly be inferred. There was much conflict in the testimony, but the case was one peculiarly for the jury, and it was submitted in a plain and correct charge by the trial judge, and both questions were found in favor of the plaintiff. The counsel for the respondent took the position that there was no certificate that the case contained all the evidence, but the point was waived on the argument, and we have examined the case as though it contained all the testimony. There being testimony sufficient to sustain the verdict we cannot interfere with the verdict. The judgment and order denying the motion for a new trial upon the minutes of the court should be affirmed, with costs. Barnard, P. J., concurred. Judgment affirmed, with costs.